et al. For arguments not to exceed 15 minutes per side, Mr. Tucker for the appellate. May it please the court, I would like to reserve three minutes for the appellate to make a rebuttal. My name is Carson Tucker. I'm here on behalf of appellate Donald Burniac in this residential foreclosure case. I'm sure with the benefit of hindsight, we all realize today that the fiasco that was the Washington Mutual collapse, the assignments through the federal government in trying to clean up the foreclosure disaster to the banks that then sought to assert their ostensible rights to payments on those mortgages or foreclosures upon them if there was non-payment, is something that in hindsight needs to be remedied, and it is being some of the banks have complied with those sanctions and some have not, including Wells Fargo, and I included the citation to the public record of the Department of Justice's sanctioning of Wells Fargo for the very same practices of failing to verify notarizations of the assignments from the original loan documents into the hands of Wells Fargo that then gave them the right to foreclose upon these properties. That's the general overview. That's the status of the situation in a nutshell. All of this because the UCC was allowed to be amended for bundling of securitized mortgages on residential real property, whereas for the securitization could occur with respect to negotiables and movable instruments, but not whole mortgages. I'm not talking about securitized partial interests in mortgages. I point that out in my brief. That's a different situation. What you have here is the wholesale bundling and securitization of an entire mortgage interest on an entire piece of real property that then gets sold out to wherever and to whomever, which is what occurred. The owners of these properties financed them based upon what in my judgment, again from hindsight, was an overinflation of the values of those properties, which were then used as predatory tactics were then used upon the holder. You're not really bringing a class action suit here or anything. Maybe you could address specifically the situation involving your client as to why you think the summary judgment was wrongfully entered. I certainly will, Your Honor. I was hoping to just provide just a little bit more background into that situation, and that's what I was trying to provide in terms of explaining the process of how we got where we are today with respect to all of these cases. As it pertains to my client, he challenged the legitimacy of the assignment to Wells Fargo by Washington Mutual based upon the ostensible notarization by what we know today to be a robo-signer. And that challenge is the substantive state law challenge that gives my client the right to have a judicial as opposed to a non-judicial foreclosure by advertisement. Now, keep in mind the judicial, all I'm saying at this point before I get on to the fact that the case was in a temporary injunction status when it was removed, potentially a default had been entered by the state court. Well, the default was not entered. I wouldn't concede that at this point, but for argument's sake, let's assume that it wasn't. Okay. I can back up. Let's back up to the point of the status of the case was in a temporary injunction only upon the foreclosure by advertisement. So what the state court was saying at that time was you cannot sell by advertisement alone. And then the case is removed to federal court. And it's removed to federal court. However, between the time that the temporary injunction enters and the time it's removed to federal court, clearly under the law of the state of Michigan, which I assert in my brief is applicable here, Wells Fargo appeared in the state court action. Knowledge and intent. Civil procedure 101. Unless you appear solely for the purposes of objecting, excuse me, unless you appear solely for the purpose of objecting to subject matter jurisdiction, you show a knowledge of the action proceeding in the state court, and you have an intent to Let's assume you're right. Why do we even have to decide that issue? Because wasn't the case properly removed to federal court by Wells Fargo? Well, then I go back to my point about the removal of a cause of action to the federal court containing a majority of state court issues and state court arguments and state court claims is a matter of discretion with the federal courts, is it not? When it was removed to the federal court by the district court, when the district court assumed jurisdiction over the case through that removal process, the district court did not acknowledge the status quo ante of the case as it sat in the state court at the time it was removed. That was in a temporary injunction status. Well, the district court doesn't have to continue the state court temporary injunction, does it? Well, according to the case law that I cite in my brief, Duncan v. Giegen being the first 1880 U.S. Supreme Court case, the federal court assumes the case in the posture that it was in when it was removed. Right, but then they can decide what to do. But the district court never set aside the injunction. But the injunction is a temporary injunction pending resolution of the merits by the district court, is that right? Well, and I would argue it's pending resolution of the merits of the state law claims and the state law issues by the state court because the state court entered a temporary injunction to prohibit the sale. But that prohibit removal, is that what you're saying? In certain... The issuance of a temporary injunction by the state court? In certain circumstances, I think it's kind of like you can't look back and put the toothpaste back in the tube. How do you, you know, we've got 28 U.S.C. section 1450, quote, whenever any action is removed from a state court to a district court of the United States, all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court. Isn't that what's happening here? Precisely, but the district court doesn't address the injunction. He goes on to grant summary judgment without... What case do you cite that says the district court has to acknowledge the preliminary injunction? Duncan v. Giegan is the 101 U.S. 810. The federal court must assume the case in the status it was in when removed.  But the status of being... But if it assumes it in the status, it has to resolve the underlying status because it's a matter of state. It's actually a matter of comity. The federal court... Not comity. Full faith and credit. The federal court has to assume the state court action in the posture it was in when it arrived. Right, but as Judge Moore says, a temporary injunction is only that, temporary.  Summary judgment can be granted or it can be dissolved. I mean, we've got a Ninth Circuit decision that's not binding on us, but from 2010, a U.S. Phillips Corp. v. KBC Bank, quote, that a preliminary injunction, quote, dissolves ipso facto when a final judgment is entered in the cause. So... And then Easterbrook in the Seventh Circuit case of Venezia v. Robinson says, quote, a preliminary injunction cannot survive the dismissal of a complaint. I mean, do you have any cases to the contrary? What my argument is in brief is that the state law, substantive state law issues underlying my client's claim, his right to challenge judicial foreclosure by advertisement and convert that proceeding to a trial on the merits in equity was essentially usurped by the fact that the district court in this case accepted the removal, did not address the status of the case as it was at that time, and went on to summarily dismiss my client's 11 or 12 state law claims and the one federal law claim that he asserted. So my point is, and it's like I said earlier, not to be colloquial, but you can't put the toothpaste back in the tube. You can't go back and undo what's already been done here. My client's property was sold at a foreclosure sale at the end of September. He is living in the house. It's been sold. This has all happened basically because the district court in this case didn't follow the steps that it should have followed in order to at least acknowledge the situation as it was, a temporary injunction on precisely what happened at the end of September now. I understand that's probably water under the bridge. I have considered filing a motion with this court, although I don't know what good that would do at this point. But again, the basis of my client's substantive claims is the propriety of allowing the bank to foreclose upon his property without demonstrating that the signature notaries, which we now know to have been robo-signed, in other words, the right to that note was never verified. No one ever actually looked at the original note and said, yes, Wells Fargo, now you own this note. It was transferred to you. Yes, now, Wells Fargo, you have a right by virtue of my sworn duty as a notary to foreclose upon that property. Assume you're basing this on Michigan laws, this section 600.3204. I'm actually basing this upon case law in Michigan common law, which unequivocally says that when an entire mortgage interest is transferred, the person against whom the foreclosure is brought has a right to a judicial proceeding, a trial. Okay, now there's a case called Kim v. J.P. Morgan Chase. I'm very familiar with this case. All right. It says, quote, the plaintiff must show that they were prejudiced by defendant's failure to comply with the statute. Now, how have you shown prejudice here, which basically means I assume the possibility of double liability. You know, I have 30 seconds left. I want to respond to you, and then my thinking of the concept of double liability or perhaps double recovery as it is seems to be a bit of a red herring to me because under the circumstances in this case, and I don't want to answer your question, Your Honor, but I would like to address that issue of double liability or double recovery because it's a red herring because under the circumstances of all of these cases, those mortgages were bundled. They were shredded. The original notes were gone. They disappeared. No one will ever see them again. So it's very simple now to say in hindsight that the assignments to the banks that now are seeking to either collect payments or foreclose upon these properties have a legitimate right to do so because there's no proof to the contrary in hindsight of who held those original notes and whether or not they were truly assigned to the person that's seeking to foreclose upon them. The question of double liability or double recovery is if that happens, is someone else ever going to come to this property and say, oh, no, but actually I have the note and I have a right to the payments on the mortgage or the right to the property? No, that's not going to happen. What I think is happening is the banks were bailed out by the federal government. They got money on one instance. Now they're getting these shell companies to foreclose on the properties and they're getting money the second time. That's my concept of double recovery. Your red light is on. I understand, and I was trying to answer the judge's question. Thank you. Okay, thank you. Good morning. May it please the Court, Jeff Gerish on behalf of Wells Fargo. Two years ago in a Conlon decision that was authored by Judge Clay, the opinion started by noting that this court was once again required to delve into the morass of litigation over Michigan foreclosures by advertisement. Here we are two years later and we're doing it again. This is really just a garden variety attempt to set aside a foreclosure that's barred for many, many reasons. The only wrinkle in this case is they are trying desperately to get back into state court. I think it's understandable why. They even resorted to filing a request for a default before default was due. Judge Moore, you're absolutely correct. Default was not entered, and so, Judge Gilman, you're absolutely correct. Wells Fargo was entitled to remove it, which we did. Once the case was removed, they moved to remand, saying that a default had been entered, which was false, saying that Wells Fargo had appeared, which was false. We didn't file a general appearance. There wasn't a default. The basis for the motion to remand was completely lacking. They argued several other points that they've completely waived on appeal. They argued that there was non-unanimity, non-diversity. Wells Fargo didn't attach all the documents to its notice to remove. Those have all been waived. The only argument they make now is that we couldn't remove it because we had been defaulted and we had made a general appearance, and both are false. Did you make an appearance in state court? What kind of appearance was it? No, we didn't make any. Well, all we did was we stipulated to an adjournment of the hearing by e-mail. That was it. We e-mailed counsel, agreed to adjourn the hearing. That's it. Needless to say, they don't cite any case from any jurisdiction that says a telephone call or an e-mail between counsel agreeing to adjourn a hearing is an appearance that waives jurisdiction, and that's clearly not the case. We were entitled to remove it. We did remove it. In terms of the merits, the case fails for all the reasons that most of these cases fail. There's mainly three. The entire challenge is to, or the entire case, is based on a challenge to the assignment from Wham-oo to Wells Fargo. But it's very well settled, and Conlon is one of the cases among many, Connolly, Livonia Properties, Kim, all kinds of cases that talk about this, that they don't have standing to challenge an assignment because they're not a party to the assignment. The only caveat to that is, and this is from Livonia Properties, if the document is non-assignable or if there was a prior revocation or if Wells Fargo is not the title owner, they don't argue that any of those apply, and they don't. So they don't have standing, and the assignment and the foreclosure are at most voidable, not void. This is Kim. Kim is right on point. They really don't have anything. And I was, if I can digress, I'm always a little nervous when the court schedules oral argument in a case like this. This case is very similar to a lot of cases we've had where there's been an opinion without oral argument. I know it was requested, but I've been trying to figure out where the flaw is in our argument. You just like to put the fear of God in. Yes, I understand. I hope that's the case. You did. You succeeded. And I think there's just no basis for anything other than an affirmance. If the court has any questions, I'd be happy to answer them, but if not, that's all I have. Thank you. Thank you, Your Honors. Just a quick point on the issue Mr. Garris raised with respect to the challenge, the substantive challenge. Let me be clear. I don't concede it, but for purposes of argument, if the default was not entered, the temporary injunction was still in place. How much you conceded in your reply brief on page 7 that the default judgment against you was not entered? It was never entered by the clerk. If it's conceded in the reply brief, then it's conceded. But the point I'm making is that it is of no moment that that was the case. Brother Counsel Garris, he cites case law in which the removal occurred after the default. The point here is that my client had a right to a trial to challenge the irregularities in the proceedings of the, I won't call it a forged notary, but the notarization by robo-signing of the assignment. That right to a trial disappeared when the district court assumed jurisdiction over the case after the removal, refused to recognize the status of the case that it was in, temporary injunction pending determination on the merits of whether or not the judicial foreclosure or the foreclosure by advertisement should occur. None of that was ever litigated. It's a short circuit of the entire procedures that the state court process is supposed to protect and envisions, in fact. And certainly, my client never got a chance to determine judicially whether there were irregularities in the proceedings because of the district court summarily treating this case as he did. So essentially, once again, the bank has the opportunity in hindsight to basically just say, everything we did was right. There's no threat ever in the future of double recovery. There's no basis to challenge or standing to challenge the assignment because that's what the case law says today. But this is in hindsight. So what we're looking at is the substance of law of Michigan as it was prior to the Kim case. No assignment of an entire mortgage interest can be made without a judicial challenge or an ability to challenge it judicially. So maybe I'm speaking, let me put that another way. A foreclosure by advertisement cannot occur. It must be a judicial foreclosure, which means it must be an action in equity because you have to vet the means by which that foreclosure took place. And the only way to do that is to have a trial on the merits so that the instruments that are being asserted as legitimate and valid to effectuate the foreclosure can be vetted through the judicial process. Thank you very much for allowing us to come here and argue this case. Thank you both for your argument. The case will be submitted. Would the clerk call any remaining cases? Case number 15-5566, Jeremy David Carbon v. David Campbell in the city of Chattanooga, Tennessee, to be submitted on briefs. Thank you. Would you adjourn the court, please?